1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KIRK D. WILLIAMS,                        No.  2:20-cv-1214 TLN DB PS

12                    Plaintiff,

13           v.                                ORDER

14    MCDONALD'S CORPORATION,

15                    Defendant.

16

17           Plaintiff Kirk Williams is proceeding in this action pro se.  This matter was referred to the

18    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On April 6,

19    2021, defendant noticed a motion to dismiss for hearing before the undersigned on May 7, 2021.

20    (ECF No. 12.)  On April 15, 2021, plaintiff filed a motion for an extension of time to file an

21    opposition to defendant's motion to dismiss and to prepare a motion for leave to file an amended

22    complaint.  (ECF No. 13.)

23           Plaintiff is advised that Rule 15(a)(1) of the Federal Rules of Civil Procedure provides

24    that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after

25    serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

26    service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

27    whichever is earlier."

28    ////

                                                  1

1    Moreover "Rule 15(a) is very liberal and leave to amend shall be freely given when justice

2    so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

3    (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when

4    justice so requires."). Courts "need not grant leave to amend where the amendment: (1)

5    prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the

6    litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly

7    broad where the court has already given the plaintiff an opportunity to amend his complaint."

8    Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th

9    Cir. 1986).

10    Here, plaintiff's request was filed less than 21 days after defendant filed the motion to

11    dismiss. The court has not previously granted plaintiff leave to amend. Nor can the undersigned

12    find that granting plaintiff leave to amend would prejudice the opposing parties, is sought in bad

13    faith; would produce an undue delay, or would be futile. Therefore, and in light of plaintiff's pro

14    se status, the undersigned will construe plaintiff's filing as a request for leave to amend and grant

15    that request.

16    Plaintiff is cautioned, however, that if plaintiff elect to file an amended complaint "the

17    tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

18    to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

19    conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can

20    provide the complaint's framework, they must be supported by factual allegations." Id. at 679.

21    Those facts must be sufficient to push the claims "across the line from conceivable to

22    plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

23    Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

24    amended complaint complete. Local Rule 220 requires that any amended complaint be complete

25    in itself without reference to prior pleadings. The amended complaint will supersede the original

26    complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint,

27    just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

28    and identified in the body of the complaint, and each claim and the involvement of each

2

1  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

2  must also include concise but complete factual allegations describing the conduct and events

3  which underlie plaintiff's claims.

4                                    **CONCLUSION**

5           Accordingly, IT IS HEREBY ORDERED that:

6           1.  The May 7, 2021 hearing of defendant's motion to dismiss (ECF No. 10) is continued

7  to August 6, 2021.

8           2.  Plaintiff's April 15, 2021 motion for an extension of time (ECF No. 13) is granted; and

9           3.  On or before June 4, 2021, plaintiff may file an amended complaint.

10  Dated:  April 24, 2021

11

12

13                                        DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25  DLB:6
    DB/orders/orders.pro se/williams1214.lta.ord
26

27

28

                                            3