Robert A. Naeve (State Bar No. 106095)
rnaeve@jonesday.com
Aileen H. Kim (State Bar No. 324522)
aileenkim@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:  +1.949.851.3939
Facsimile:  +1.949.553.7539

Attorneys for Defendant
MCDONALD'S USA, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KIRK D. WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br><br>Defendant. | Case No. 2:20-cv-01214-TLN-DB<br><br>Referred To Magistrate Judge Deborah Barnes [Local Rule 302(c)21]<br><br>**DECLARATION OF ROBERT A. NAEVE IN SUPPORT OF DEFENDANT MCDONALD'S USA, LLC'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION PURSUANT TO ADA**<br><br>*[Response and Opposition filed concurrently herewith]*<br><br>Date:      May 21, 2021<br>Time:     10:00 a.m.<br>Place:    Courtroom 27, 8th Floor<br><br>Complaint Filed: June 17, 2020<br>First Amd. Complaint Filed: July 20, 2020 |

I, Robert A. Naeve, declare and state as follows:

1. I am an attorney at law licensed to practice before this Court and all courts in the State of California. I am of counsel with Jones Day, counsel of record for McDonald's USA, LLC, erroneously named herein as McDonald's Corp. ("McDonald's" or "Company"), in this action. I have personal knowledge of the facts stated in this Declaration. I could and would competently and truthfully testify to these facts if called upon to do so. I submit this Declaration in support of McDonald's Response and Opposition to Plaintiff Kirk Williams' ("Williams") Motion for Reasonable Accommodation Pursuant to ADA ("Motion for Accommodations").

**A.     Accommodation Requests Addressed To This Court.**

2. Williams addresses most of his accommodation requests to this Court, asking that it provide, apparently at Court expense, access to Lexis/Nexis research services, access to Pacer for electronic filings, and appointment of Terresa Robson as a reader. McDonald's questions the veracity of Williams' claimed need for accommodation, for the reasons outlined in the accompanying Response and Opposition. *See generally People v. Williams*, 2008 Cal. App. Unpub. LEXIS 7101, *5, *6 & *8 (Aug. 27, 2008). Assuming *arguendo* that Williams could establish a genuine need for accommodation, McDonald's offers the following facts to assist the Court in evaluating whether Williams has demonstrated that any of his requested accommodations are "necessary" or "reasonable," the most basic requirements of any accommodation.

    **Lexis/Nexis.**

3. While preparing McDonald's Response and Opposition to Williams' Motion for Accommodations, I confirmed that the Sacramento County Public Law Library provides free access to Lexis/Nexis legal research services to its patrons through its public terminals. *See* http://saclaw.org/services/databases-at-the-law-library-2/. I also confirmed that similar legal researching services are provided for free by Google Scholar. *See* https://scholar.google.com/.

2

**DECLARATION OF ROBERT A. NAEVE ISO MCDONALD'S RESPONSE AND OPPOSITION
TO MOTION FOR REASONABLE ACCOMMODATION**

**Access To Pacer.**

4. It is my understanding that this Court does not, as a matter of policy, grant access to its Pacer electronic filing system to pro se plaintiffs, including Williams. This does not mean that Williams does not receive filings in this matter, inasmuch as McDonald's serves all of its filings on Williams via first class mail, as demonstrated in the proofs of service that accompany all of our filings. In addition, it is my understanding that this Court serves pro se plaintiffs with copies of all filings via first class mail, as is confirmed by the following Pacer notice of the filing of Williams' Motion for Accommodations:

5. Insofar as I am aware, Williams has not objected to receiving filings by mail in this action, or in any of the other lawsuits referenced in footnotes two and three of McDonald's Response and Opposition. In addition, and as will be noted below, several of Williams' emails to me confirm that he has received and understood filings in this action that he received by mail.

**Appointment Of A Reader.**

6.   I have communicated with Williams in this action via telephone, email and voicemail. Williams has responded to all of my calls and emails and has never complained that he could not access or perceive the contents of my communications with him. Indeed, all of Williams' email communications confirm both that he is fully capable of communicating in this fashion, and that he understands the litigation process. For example:

- In one June 18, 2020 email to me, Williams wrote, "Please be advised that I filed the Civil Right complaint against McDonald's based on their website in accessibility in the kiosk in accessibility pursuant to the mailbox rule the documents deemed to be filed yesterday because I dropped it in the United States District Court Dropbox."

- In another June 18, 2020 email, Williams also wrote, "Here is the case number kirk D William's v. McDonald's Case No. 2:20-cv-1214-TLM-DB. The case will be available on Pacer today . . . ."

- In a January 14, 2021 email, Williams sent a cell-phone photograph of the front page of the original summons in this action, writing, "Please find attached a copy of the Simmons . . . ."

7.   Similarly, Williams has never complained in any of his communications with me that he could not access or perceive the contents of any of the filings in this action. To the contrary, Williams has confirmed in voicemail messages that he receives copies of the filings in this action, and that he understands their contents. For example:

- On January 14, 2021, the day after the Clerk of Court issued a summons for his First Amended Complaint (ECF No. 8), I received a voicemail message from Williams, in which he stated, "I just received the granting or issuing of the summons and complaint."

- Similarly, on April 7, 2021, the day after McDonald's filed its Amended Notice of Motions and Motions to Dismiss and to Strike his First Amended Complaint (ECF No. 12), I received a voicemail message from Williams in which he stated, "I received a hard copy from the clerk's department about the re-notice of the motion."

8.   McDonald's does not object to whatever accommodations this Court may choose to provide in response to Williams' accommodation requests addressed to this Court.

**DECLARATION OF ROBERT A. NAEVE ISO MCDONALD'S RESPONSE AND OPPOSITION
TO MOTION FOR REASONABLE ACCOMMODATION**

McDonald's notes only that Williams has not offered anything to suggest that any of these accommodations is necessary or reasonable.

**B.     Accommodation Requests Addressed To McDonald's.**

9.     Williams' Motion for Accommodations also asks this Court to order McDonald's to provide large print or "audio copy on CD" or some other form of accommodation for unspecified communications. McDonald's opposes this aspect of Williams' Motion for Accommodations because Williams offers no facts to suggest a prima facie entitlement to any accommodations, or that the requested accommodations are necessary or reasonable. As explained above, Williams has been effectively communicating with counsel for McDonald's via telephone, email and voicemail since before this action was filed.

10.     With respect to proceedings before this Court and as also explained above, Williams' filings in this action, and in other lawsuits he has initiated over the years, all demonstrate that he is fully capable of litigating this action in the absence of any of the accommodations he requests here. In addition, all of McDonald's substantive filings in this action are rendered in accessible pdf format and can be perceived by screen reader software.

**C.     Request For A Stay In Proceedings.**

11.     Williams' Motion for Accommodations also asks this Court to order a stay in this action. As noted in our Response and Opposition, McDonald's opposes this request as unnecessary, both because Williams does not provide a factual basis justifying a stay, and because this Court's April 26, 2021 Order (ECF No. 14) already gave him until June 4, 2021 in which to file a second amended complaint.

12.     McDonald's concerns are heightened in this regard because the trial court's findings in *People v. Williams* cited above, suggests that he may not be entitled to accommodation at all. In addition, Williams wrote in an April 27, 2021 email to me that "Perhaps I will have to appeal to the 9th circuit Court of Appeal, on the reasonable accommodation issue and [seek a further] stay these proceedings." Such a "stay" could extend well beyond June 4, 2021 or any other date suggested in Williams' Motion for Accommodations.

13. Williams went on to suggest in his April 27, 2021 email that McDonald's could avoid dealing with his attempts at delay by making a monetary payment to him. This causes McDonald's to further question the sincerity of his claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of May, 2021 at Irvine, California.

Robert A. Naeve

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 6, 2021, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DECLARATION OF ROBERT A. NAEVE IN SUPPORT OF DEFENDANT MCDONALD'S USA, LLC'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION PURSUANT TO ADA**

in a sealed envelope, postage fully paid, addressed as follows:

> Kirk D. Williams
> 7438 Elder Creek Road
> Sacramento, CA 95824

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 6, 2021, at Irvine, California.

_____
Frances Pham

7

**DECLARATION OF ROBERT A. NAEVE ISO MCDONALD'S RESPONSE AND OPPOSITION TO MOTION FOR REASONABLE ACCOMMODATION**