UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS, | No. 2:20-cv-1214 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| MCDONALD'S CORPORATION, | |
| Defendant. | |

Plaintiff Kirk Williams is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 6, 2021, defendant noticed a motion to dismiss plaintiff's complaint. (ECF No. 12.) On April 15, 2021, plaintiff filed a motion for an extension of time to file an opposition to defendant's motion to dismiss and to prepare a motion for leave to file an amended complaint. (ECF No. 13.) On April 26, 2021, the undersigned issued an order continuing the hearing of defendant's motion to dismiss to August 6, 2021, and granting plaintiff until June 4, 2021 to file an amended complaint. (ECF No. 14.)

On April 26, 2021, plaintiff filed a motion seeking "ADA accommodation," and noticed the motion for hearing before the undersigned on May 24, 2021. (ECF No. 15.) Plaintiff's motion seeks several accommodations including "[a]cess to Lexis Nexis," "[a]ppointment of a reader named Terresa Robson," and "an order directed to the Defendant to provide . . . an audio

1

copy on CD" of any correspondence. (Id. at 3.) Defendant filed an opposition on May 6, 2021.[1] (ECF No. 17.)

Plaintiff is advised that "[t]he plain language of Title II the ADA excludes the federal government from the reach of the [ADA]." United States v. Hiramanek, Case No. 6:16-po-0345 MJS, 2017 WL 1349580, at *5 (E.D. Cal. Apr. 6, 2017) (citing 42 U.S.C. § 12131(1)); see also Mary Jo. C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]" (citation and internal quotation marks omitted)); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("the entire federal government is excluded from the coverage of the ADA.").

However, "[i]n keeping with the Judicial Conference Policy, the U.S. District Court – Eastern District of California provides reasonable accommodations to persons with communications disabilities at the court's expense." http://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/. Specifically, the "court must provide sign language interpreters or other auxiliary aids and services to participants in federal court proceedings who are deaf, hearing-impaired or have communication disabilities[.]" § 255.10(a).

At this time, however, there are no pending proceedings or hearings. Instead, the court is awaiting plaintiff's election to either file an amended complaint or proceed on the original complaint in the face of defendant's motion to dismiss. (ECF Nos. 10 & 14.) Defendant's motion to dismiss asserts that the original complaint was "copied verbatim from a complaint filed in the Southern District of New York against the Amazon.com website." (Def.'s MTD (ECF No. 10-1) at 9.) Moreover, it appears from the court's research that plaintiff "has filed numerous pleadings in both federal and state court" without the assistance of any court ordered accommodations. Williams v. Dickinson, No. CIV-S-09-2968 JAM CKD P, 2011 WL 4500807, at *1 (E.D. Cal. Sept. 27, 2011).

////

---

[1] The undersigned finds plaintiff's motion suitable for resolution without a hearing pursuant to Local Rule 230(g).

2

For the reasons stated above, plaintiff's motion will be denied without prejudice to renewal should a hearing in this action be necessary or the matter proceed past the pleading stage.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The May 21, 2021 hearing of plaintiff's motion for ADA accommodations (ECF No. 15) is vacated; and

2. Plaintiff's April 26, 2021 motion for ADA accommodations (ECF No. 15) is denied without prejudice to renewal.

Dated: May 17, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/williams1214.ada.ord