UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS, | No. 2:20-cv-1214 TLN DB PS |
| Plaintiff, | |
| v. | ORDER AND |
| MCDONALD'S CORPORATION, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Kirk Williams is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On July 6, 2021, defendant noticed a motion to dismiss plaintiff's second amended complaint for hearing before the undersigned. (ECF No. 24.) Pursuant to Local Rule 230(c) plaintiff was to file an opposition or a statement of non-opposition to defendant's motion "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, failed to file a timely opposition or statement of non-opposition.

Accordingly, on August 2, 2021, the court issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution, as well as ordering plaintiff to file a statement of opposition or non-opposition to defendant's motion on or before August 27, 2021. (ECF No. 26.) Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that

1

this case be dismissed. (Id. at 2.) On August 23, 2021, plaintiff filed a notice of change of address. (ECF No. 27.) On August 27, 2021, plaintiff's copy of the August 2, 2021 order was returned as undeliverable. On August 30, 2021, a copy of the August 2, 2021 order was served on plaintiff at the new address provided. (ECF No. 28.) Nonetheless, the time provided plaintiff has expired and plaintiff has not responded to the August 2, 2012 order or to defendant's motion to dismiss.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to respond to the August 2, 2021 order, and has failed to file a statement of opposition or non-opposition to defendant's motion to dismiss. Plaintiff was warned that the failure to file a written response to that order could result in a recommendation that this matter be dismissed. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all

support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's July 6, 2021 motion to dismiss (ECF No. 24) is submitted without oral argument pursuant to Local Rule 230(g); and

2. The September 10, 2021 hearing of defendant's motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF No. 23) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2021         /s/ DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/williams1214.dlop.f&rs