UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS, | No.  2:20-cv-1214 TLN DB PS |
| Plaintiff, | |
| v. | ORDER AND |
| MCDONALD'S CORPORATION, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Kirk Williams is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are defendant's motion to dismiss, plaintiff's motion for an extension of time to file a third amended complaint, plaintiff's partial motion to dismiss, and plaintiff's motion for stay and abeyance.  (ECF Nos. 24, 34, 36, 42.)  For the reasons explained below, the undersigned recommends that defendant's motion to dismiss be granted.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, commenced this action on June 17, 2020, by filing a complaint and a motion to proceed in forma pauperis.[1]  (ECF Nos. 1 & 2.)

---

[1] Defendant moved to dismiss the original complaint noting that the complaint was "copied verbatim from a complaint filed in the Southern District of New York against the Amazon.com website."  (ECF No. 10-1 at 9.)

1

1   Plaintiff is proceeding on a second amended complaint filed on June 21, 2021.  (ECF No. 23.)
2   Therein, plaintiff alleges that plaintiff is blind and that defendant McDonald's Corporation,
3   ("McDonald's"), discriminated against plaintiff by failing to provide an accessible website,
4   mobile application, self-service kiosk, and by providing drive-thru service.  (Sec. Am. Compl.
5   (ECF No. 23) at 3-4.[2])  Pursuant to these allegations the second amended complaint alleges
6   violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA"),
7   and the Unruh Civil Rights Act, California Civil Code § 51, ("Unruh Act").

8   Defendant filed a motion to dismiss on July 6, 2021.  (ECF No. 24.)  On September 16,
9   2021, plaintiff was granted an extension of time to file an opposition or statement of non-
10  opposition.  (ECF No. 32.)  Although plaintiff was never granted leave to file a third amended
11  complaint, on October 4, 2021, plaintiff filed a motion for an extension of time to file a third
12  amended complaint.  (ECF No. 34.)

13  On October 18, 2021, plaintiff filed a motion to dismiss in which plaintiff states a desire
14  to "dismiss the claim . . . concerning the website and the mobile app, and be allowed to amend"
15  the claims pertaining to "the drive through lane, and . . . self service kiosk claim."  (ECF No. 36.)
16  On November 4, 2021, plaintiff filed an opposition to defendant's motion to dismiss.  (ECF No.
17  39.)  On December 2, 2021, plaintiff filed a motion "for stay and abeyance of civil complaint," as
18  plaintiff was being "held in custody at Sacramento County Jail . . . on [a] criminal matter[.]"
19  (ECF No. 42 at 1.)

20                                    **STANDARDS**
21  **I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**
22  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
23  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
24  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
25  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
26  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

27
28  [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////

////

////

**ANALYSIS**

**I.     Defendant's Motion to Dismiss**

As noted above, plaintiff has requested dismissal of the claims related to defendant's "website and the mobile app[.]" (ECF No. 36 at 1.) The undersigned construes that request as non-opposition to granting defendant's motion to dismiss with respect to those claims and will grant that motion.

With respect to the claims related to discrimination based on defendant's drive-through and self-serve kiosks, Title III of the ADA prohibits discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2nd Cir. 2008); U.S.C. § 12182(a). Generally, the concept of "discrimination" under the ADA not only includes obviously exclusionary conduct — such as a sign stating that persons with disabilities are unwelcome, but also extends to more subtle forms of discrimination — such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011); PGA Tour, Inc. v. Martin, 532 U.S. 661, 674-75 (2001). With respect to existing facilities, discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A).

To determine if a barrier exists, the ADAAG[3] establishes the technical standards. If a barrier violates these standards relating to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. Chapman, 631 F.3d at 947; Doran v. 7–Eleven, Inc., 524 F.3d 1034, 1034 (9th Cir. 2008). Removal is readily achievable where it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 1218(9).

---

[3] The ADA Accessibility Guidelines (ADAAG) are promulgated by the Attorney General to "carry out the provisions" of the ADA, 42 U.S.C. § 12186(b). These guidelines "lay out the technical structural requirements of places of public accommodation." Fortyune v. Am. Multi–Cinema, Inc., 364 F.3d 1075, 1080-81 (9th Cir. 2004).

To prevail on a Title III ADA claim, plaintiff must establish that (1) plaintiff is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) that defendant discriminated against the plaintiff within the meaning of the ADA. Chapman, 631 F.3d at 950. For an ADA plaintiff to establish Article III standing to pursue injunctive relief, plaintiff must demonstrate the threat of a future repeated injury is real and immediate. Id. at 946. To demonstrate sufficient likelihood of future harm, a plaintiff can establish that plaintiff intends to return to a noncompliant place of public accommodation where plaintiff is "likely to reencounter a discriminatory architectural barrier." Id. at 950. Alternatively, a plaintiff can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that plaintiff would return if the barriers were removed. Id.

Here, the complaint does not allege that the defendant operates a specific McDonald's restaurants at issue, but instead that "[s]ome of Defendant's restaurants are operated by the Defendants, others are operated by franchises." (Sec. Am. Compl. (ECF No. 23) at 34.) See Zamora v. Wendy's International, LLC, Case No. 19-CV-6133 LHK, 2020 WL 3469331, at *7 (N.D. Cal. June 25, 2020) ("Plaintiffs have not stated a claim under Title III of the ADA because the FAC does not include allegations that Defendant operates the relevant restaurants at issue.").

Moreover, the factual allegations found in the second amended complaint fail to state a claim upon which relief can be granted. In this regard, with respect to defendant's drive-through availability the second amended complaint alleges that "the blind are totally unable to access any of the defendant's products or services at late night via drive-through service[.]" (Sec. Am. Compl. (ECF No. 23) at 38.) However, "while the ADA list of major life activities is non-exhaustive" it does not appear that the ability to "access a drive-thru for the purpose of enjoying a late-night burger — is a major life activity under the ADA." Szwanek v. Jack in the Box, Inc., No. C20-2953 WHA, 2020 WL 5816752, at *3 (N.D. Cal. Sept. 30, 2020). Or that a drive-through only policy discriminates against the blind. Id. ("For instance, as defendants argued during oral argument, a non-disabled fifteen-year-old pedestrian who cannot drive because of her age bears the same burden as plaintiffs.").

With respect to defendant's self-serve kiosks, the second amended complaint acknowledges that defendant's restaurants provide the option of "obtaining [sighted] assistance to operate the kiosk[.]" (Sec. Am. Compl. (ECF No. 23) at 45.) "ADA regulations make clear that restaurants are permitted to use qualified readers to assist visually-impaired patrons with menu selections." West v. Moe's Franchisor, LLC, 15cv2846, 2015 WL 8484567, at *3 (S.D. N.Y. Dec. 9, 2015); see also National Federation of the Blind, Inc. v. Wal-Mart Associates, Inc., Civil Action No. RDB-18-3301, 2021 WL 4750521, at *11 (D. Md. Oct. 12, 2021) ("Staff assistance is sufficient to provide effective communication in a retail transaction.").

## II. Leave to Amend

For the reasons explained above, the undersigned finds that defendant's motion to dismiss should be granted. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiff has previously amended the complaint without success. Moreover, plaintiff's opposition offers nothing to suggest that plaintiff could successfully amend the complaint if given another opportunity. In this regard, plaintiff's opposition simply refers in a vague and conclusory manner to "additional factual information," plaintiff would provide if granted further leave to amend. (ECF No. 39 at 2.) Plaintiff also states that if "found guilty" at plaintiff's "criminal matter," plaintiff would request dismissal of this action. (Id. at 2.) Accordingly, in light of the deficiencies noted above and plaintiff's inability to successfully amend the complaint the undersigned finds that it would be futile to grant plaintiff further leave to amend.[4]

---

[4] Plaintiff's October 4, 2021 motion for an extension of time to file a third amended complaint will, therefore, be denied.

### III. Plaintiff's Motion for Stay and Abeyance

Plaintiff's motion seeks "to stay the proceedings" because "plaintiff is held in custody at Sacramento County Jail," and has no access to the law library. (ECF No. 42 at 1.) While the undersigned is cognizant of the challenges faced by pro se and incarcerated litigants, it was plaintiff who choose to commence this litigation. Moreover, defendant has presented a motion to dismiss that the undersigned finds meritorious. The undersigned has also found that granting plaintiff further leave to amend would be futile. Under these circumstances, the undersigned sees no reason to grant a stay. See generally Landis v. North American Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 4, 2021 motion for an extension of time (ECF No. 34) is denied;

2. Plaintiff's October 18, 2021 motion to dismiss (ECF No. 36) is granted; and

3. Plaintiff's December 2, 2021 motion for stay and abeyance (ECF No. 42) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 6, 2021 motion to dismiss (ECF No. 24) be granted;

2. The second amended complaint filed June 21, 2021 (ECF No. 23) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/williams1214.mtd.f&rs